UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TAMMY TOLDSON,

    Plaintiff,

v.                                            Case No.    13-12940

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.
                                                  /

**OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Plaintiff Tammy Toldson seeks judicial review of Defendant Commissioner of Social Security's determination that she is not entitled to disability insurance benefits and supplemental security income for her disabilities under 42 U.S.C. § 405(g). (Dkt. # 1, Pg. ID 2.) Before the court are Plaintiff's Motion for Summary Judgment (Dkt. # 13) and Defendant's Motion for Summary Judgment (Dkt. # 17). For the reasons stated below, the court will deny Plaintiff's motion for summary judgment and grant Defendant''s motion for summary judgment.

**I. BACKGROUND**

Plaintiff Tammy Toldson formerly worked as a punch press operator, babysitter, and hair stylist. (Dkt. # 9-2, Pg. ID 51.) Her alleged disability is due to congestive heart failure, stage four kidney disease, and hypertension, with an onset date of December 31, 2008. (Dkt. # 9-2, Pg. ID 39, 48.) Since then, she has not engaged in substantial

gainful activity. (*Id.*) Plaintiff, who has a tenth grade education, allegedly became disabled when we was thirty-seven years old. (Id. at Pg. ID 51, 65.)

On December 12, 2011 Plaintiff filed an application for social security disability insurance benefits and supplemental security income based on her alleged disability. (Dkt. 9-2, Pg. ID 45.) After the claim was initially denied on February 28, 2012, Plaintiff requested a hearing, which took place before Administrative Law Judge David F. Neumann ("the ALJ"). (*Id.*) The ALJ issued an unfavorable decision on January 22, 2013, concluding that Plaintiff was not disabled as defined by the Social Security Act. (*Id.* at Pg. ID 46.) She requested review by the Appeals Council but was denied, making the ALJ's decision the final decision of the Commissioner. (Id. at Pg. ID 33.) Plaintiff then filed this action in federal court. (Dkt. # 1.)

## II. STANDARD

Pursuant to 42 U.S.C. § 405(g), the court has jurisdiction to review the Commissioner's final decisions. Judicial review of the Commissioner's decisions is limited to determining whether his findings are supported by substantial evidence and whether he employed the proper legal standards. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997). Substantial evidence is more than a scintilla but less than a preponderance; it is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson*, 402 U.S. at 401 (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Walters*, 127 F.3d at 528.

In determining the existence of substantial evidence, the court must examine the administrative record as a whole. *See Kirk v. Sec'y of Health and Human Servs.*, 667

F.2d 524, 536 (6th Cir. 1981). If the Commissioner's decision is supported by substantial evidence, it must be affirmed, even if the reviewing court would decide the matter differently, *Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983), and even if substantial evidence also supports the opposite conclusion. *See Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389-90 (6th Cir. 1999).

### III. DISCUSSION

The sole issue in this case is whether the ALJ erred when he gave the claimant's treating physician limited weight, as opposed to controlling weight. Plaintiff argues that the ALJ did not provide good reasons for doing so, as required by the Social Security regulations. As explained below, the court finds that the ALJ applied proper legal standards and that substantial evidence supported his conclusion.

The factors an ALJ must consider in determining what weight to give a treating physician's opinion are enumerated in 20 C.F.R. §§ 404.1527(c)(2), and 416.927(c)(2) of the Social Security regulations. Those regulations provide that a treating physician's opinion on the nature and severity of impairment will receive controlling weight if it "is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence." *Id.* If the ALJ decides not to give controlling weight to the opinion, he will consider 1) the length of the treatment relationship and the frequency of examination, 2) the nature and extent of the treatment relationship, 3) the supportability of the opinion, 4) the consistency of the opinion with the record as a whole, and 5) the specialization of the physician. *Id.*; see *also Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004).

The ALJ did just that. In his Findings of Fact and Conclusions of Law, the ALJ noted that "[o]n December 22, 2011, the claimant established care with family doctor Jeffrey Ghioto," that "she followed up with Dr. Gioto [sic] on January 13, 2012," but that "the record reflects that the claimant did not return to see Dr. Giotto [sic] again until September 10, 2012, when she requested him to complete a medical source statement regarding this instant claim." (Dkt. 9-2, Pg. ID 49-50.) These statements address the length of the treatment relationship and the frequency of examination (factor one), the nature and extent of the treatment relationship (factor two), and the doctor's specialization as a family doctor (factor five). The ALJ addressed factors three and four when he stated, "[n]oting sporadic (at best) treatment with Dr. Giotto [sic], the lack of support in the record for a complete inability to walk and continuous noncompliance in her recommended treatment modalities; the undersigned gives limited weight to Dr. Giotto's [sic] medical source statement." Thus, the ALJ offered good reasons, supported by substantial evidence, for giving limited weight to Dr. Ghioto's opinion.

This is a far cry from cases in which the Sixth Circuit has found to the contrary. For example, in *Wilson v. Commissioner of Social Security* the ALJ stated in his ruling that while "this opinion may be an accurate assessment of [plaintiff's] current limitations, the undersigned must assess the claimants limitations on March 31, 1995, the date he was last insured for benefits." 378 F.3d at 545. The Sixth Circuit held that "[t]o state that [the treating physician's] opinion 'may be an accurate assessment,' followed by a bald statement of the issues that the ALJ must ultimately resolve, can hardly amount to 'giving good reasons' for rejecting [the opinion]." *Id.* The ALJ in this case went well beyond the explanation given by the ALJ in *Wilson.*

Indeed, the Sixth Circuit has upheld determinations of this kind based on less analysis than offered by the ALJ in the instant case. In *Bledsoe v. Barnhart*, 165 F. App'x 408, 412 (6th Cir. 2006), the ALJ reasoned that the treating physician's conclusions are "not well supported by the overall evidence of record and are inconsistent with other medical evidence of record." The Sixth Circuit held, "[t]his is a specific reason for not affording controlling weight to [the treating physician]. . . . The ALJ thus did not violate any procedural right to an adequate explanation of why the ALJ did not credit [the plaintiff's] treating physician's opinion." The court is therefore of the opinion that the ALJ in this case applied the proper legal standards and reached a conclusion supported by substantial evidence.

## VI. CONCLUSION

For the reasons stated herein,

IT IS ORDERED that Plaintiff's motion for summary judgment (Dkt. # 13) is DENIED.

IT IS FURTHER ORDERED that Defendant's motion for summary judgment (Dkt. # 17) is GRANTED.

   s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: September 23, 2015